## COMMONWEALTH *vs.* ABBY A. GODDARD.

The defendant in an indictment for obtaining a bank check in exchange for a note, by falsely pretending that the signature to the note is genuine, cannot be allowed to prove that the person whose name appears upon it as maker has said that the defendant had authority to sign it there.

If, in defence to such an indictment, the fact is relied upon that the date of the check was earlier than that of the note, and a witness by whom the note was indorsed is called by the defendant to testify that the first time he knew of the discrepancy between the dates was at the trial of the defendant in the police court, the government may contradict him by showing that he has before stated that he knew of such discrepancy at an earlier period, and that he and the defendant took care that the note and check should not be of the same date.

A certified copy of a complaint from the record of proceedings in a police court is competent, for the purpose of contradicting the testimony of the complainant at the trial before the jury in material matters; but it is not competent, if time does not enter into the nature of the offence charged, for the purpose of showing that the time of committing it, as therein alleged, was different from that now testified to by him.

INDICTMENT for obtaining a bank check for $500 of William R. Huston, by falsely pretending that a note for $500, dated May 25, 1859, and purporting to be signed by R. W. Blackwell, in exchange for which the check was obtained, was signed by him. At the trial in the superior court, before *Wilkinson,* J., the defendant was convicted, and alleged exceptions. The facts are stated in the opinion.

*W. L. Burt,* for the defendant.

*Foster,* A. G., for the Commonwealth.

MERRICK, J. 1. The testimony of Emeline F. Shepherd, offered by the defendant to show that the witness had heard Blackwell say that the defendant had authority to use his name upon the note, that it was signed by his authority, and that he was bound and liable for the amount of it, was properly excluded. In an action against him brought by the holder to re cover the contents of the note, what he said would have been admissible, as a confession and acknowledgment of his liability. But in this case his declarations or statements can be regarded only as mere hearsay, and were therefore inadmissible.

2. In her defence, the defendant relied upon the fact that the date of the check was earlier than the date of the note, and

contended that for this reason the former could not have been obtained by means of the latter. This whole subject became therefore a subject of inquiry material to the issue; and the witness Shepherd, by whom the note was indorsed, having testified, upon her cross examination by the district attorney, that the first time she knew of the discrepancy between the dates of the note and check was at the trial in the police court, it was competent for the purpose of discrediting her testimony to prove what she said to Mr. Beals, tending to show that she had knowledge of such discrepancy at a much earlier period, and that she herself had participated with the defendant in taking care to have that discrepancy exist for a purpose which they deemed to be important to her. This is wholly unlike a cross examination upon matters collateral to the issue, where the answer of the witness to the interrogatories proposed to him is definitive, and subject to no contradiction by additional evidence to be adduced for that purpose.

3. Any allegations in the complaint made and sworn to by Huston in the police court in Roxbury against the defendant, which it was essential to prove in support of the prosecution, and which were in conflict with his testimony as a witness for the Commonwealth on the trial of the indictment against her, were admissible for the purpose of contradicting his statements and impeaching his credibility. And a certified copy of the complaint from the record of proceedings in the police court was competent and sufficient to show those allegations. It was not incumbent on the defendant to produce the original paper, to the contents of which the complainant made oath. *Ewer* v. *Ambrose,* 4 B. & C. 25. But the bill of exceptions does not show for what purpose the record was offered, and therefore wholly fails to exhibit any ground upon which it can be adjudged that the ruling excluding it was erroneous. It was suggested at the argument by the counsel for the defendant that Huston testified, on the trial of the indictment, that the offence charged against her was committed on a certain day named by him, which was after and different from that alleged in the complaint made in the police court, and that the record was offered for the purpose

13 *

of contradicting him in this particular. If this suggestion were to be assumed to be correct, and added to the statements in the bill of exceptions, it would obviously show no available objection to the ruling of the court in the exclusion of the record; because, although it is essential, to constitute a good and legal complaint, that the offence charged in it should be alleged to have been committed on a certain day named in it, the precise day named need never be proved, except when time enters into the nature of the offence. 1 Chit. Crim. Law, 224. The statement of time, being thus a mere formal allegation, is usually inserted in a complaint or indictment by the person by whom it is written, without regard to precision and accuracy in that particular; and, because such accuracy is unessential, and proof of it is never required, the allegation itself cannot legitimately be relied on, or resorted to, to show that the testimony of the complainant, in which the commission of the offence is affirmed to have occurred on another and different day, was either erroneous by mistake or false by design. It is therefore plain that the exclusion of the copy of the record which she offered to produce affords the defendant no legal cause of exception to the ruling of the court.                    *Exceptions overruled.*